Vacated by Supreme Court, March 28, 2005

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4856**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT EARL LOWRY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, Chief District Judge.  (CR-02-13-BO)

———————

Submitted:  October 1, 2004          Decided:  November 22, 2004

———————

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kelly Latham Greene, STUBBS & PERDUE, PA, New Bern, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Earl Lowry appeals his convictions and 228-month sentence on drug and firearms offenses and the order of the district court denying his motion for a new trial filed pursuant to Fed. R. Crim. P. 33. Finding no error, we affirm.

Lowry first claims that the district court erred in its calculation of relevant conduct for purposes of establishing his base offense level under U.S. Sentencing Guidelines Manual § 2D1.1(c) (2002). A district court's factual finding concerning the amount of drugs attributable to a defendant is reviewed for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The district court's finding was based on Lowry's own admissions to an investigator regarding his distribution of crack cocaine. We conclude that this statement against interest, when combined with other corroborating facts, established a sufficient indicia of reliability to support the court's finding. See United States v. Miller, 925 F.2d 695, 699 (4th Cir. 1991) ("The informant's interest in obtaining leniency created a strong motive to supply accurate information.").

In his second claim, Lowry asserts that the district court erred in denying his Rule 33 motion for a new trial. Lowry claims that a form he signed while attempting to cooperate with

North Carolina officials is new evidence and amounts to a <u>Brady</u>*
violation. We review this claim for an abuse of discretion.
<u>United States v. Huggins</u>, 191 F.3d 532, 536 (4th Cir. 1999).

In order to receive a new trial under Rule 33 based on
newly discovered evidence, a defendant must demonstrate that:
(a) the evidence is newly discovered; (b) he has been diligent in
uncovering it; (c) it is not cumulative or impeaching; (d) it is
material to the issues involved; and (e) it would probably produce
an acquittal. <u>See</u> <u>United States v. Fulcher</u>, 250 F.3d 244, 249 (4th
Cir. 2001). Lowry cannot demonstrate that the evidence was newly
discovered because he was aware of it prior to trial.

Likewise, Lowry fails with respect to his <u>Brady</u> claim.
Such a violation may warrant a new trial if the prosecutor
withholds material evidence favorable to the defense, and there is
a "reasonable probability" that with the favorable evidence the
defendant would have obtained a different result at trial. <u>See</u>
<u>Kyles v. Whitley</u>, 514 U.S. 419, 432-33 (1995). Our review of the
transcript discloses no reasonable probability that Lowry would
have obtained a different result had he been provided with a copy
of the disputed form by the Government.

Lowry also claims that the district court erred by
denying his motion for an instruction on a defense of entrapment.

---

*<u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) (establishing duty
of prosecution to disclose exculpatory evidence).

A district court's refusal to give an entrapment instruction is a legal issue that we review de novo. See United States v. Phan, 121 F.3d 149, 154 (4th Cir. 1997). To be entitled to a requested jury instruction, a defendant must establish a sufficient evidentiary foundation to support the instruction. See United States v. Lewis, 53 F.3d 29, 33 n.8 (4th Cir. 1995). The transcript again fails to support Lowry's claimed position. There is simply no plausible scenario associated with the evidence to support an entrapment defense. Accordingly, we deny this claim.

Finally, Lowry has filed a motion to file a supplemental brief addressing the issues raised by the Supreme Court's recent ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004). We grant the motion and deem it to provide the supplemental argument regarding the effects of Blakely. This court has considered the applicability of Blakely to the federal sentencing guidelines and has concluded that their application by a district court comports with the requirements of the Sixth Amendment. See United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (No. 03-4253) (en banc); United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193). Accordingly, we find no error in Lowry's sentence.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED