**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-4856**

―――――――――

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

        versus

ROBERT EARL LOWRY,

                                  Defendant - Appellant.

―――――――――

On Remand from the United States Supreme Court.
            (S. Ct. No. 04-8722)

―――――――――

Submitted:  November 18, 2005        Decided:  January 6, 2006

―――――――――

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

―――――――――

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

―――――――――

Kelly L. Greene, STUBBS & PERDUE, P.A., New Bern, North Carolina,
for Appellant. Frank D. Whitney, United States Attorney, Anne M.
Hayes, Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Robert Earl Lowry's convictions and sentences for two counts of distribution of cocaine base, one count of possession of a firearm in the furtherance of drug trafficking, and one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922, 924 (2000) and 21 U.S.C. § 841 (2000). United States v. Lowry, No. 03-4856 (4th Cir. Nov. 22, 2004) (unpublished). The Supreme Court vacated our decision and remanded Lowry's case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

A Sixth Amendment error occurs when a district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Lowry did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

The Government's indictment did not specify a drug quantity; consequently, the jury's verdict on grouped counts one, three, and four supports a finding that Lowry is responsible for an indeterminate quantity of cocaine base. This corresponds with a base offense level of twelve, see U.S. Sentencing Guidelines Manual § 2D1.1(c)(14) (2002), and a sentencing range of fifteen to

twenty-one months' imprisonment.  USSG Ch. 5, Pt. A, table (based on Lowry's criminal history category of III).  Alternatively, grouping the offenses under USSG § 2K2.1 results in an offense level of fourteen, with a corresponding sentencing range of twenty-one of twenty-seven months.  See USSG § 2K2.1(a)(7).  The sentence imposed by the district court on counts one, three, and four exceeds either range.[1]  Because this amounts to error that affects Lowry's substantial rights, we conclude his sentence is plainly erroneous.[2]  See Hughes, 401 F.3d at 547-48.

Accordingly we vacate Lowry's sentence with regard to counts one, three, and four, and we remand for resentencing in accordance with Booker.  We affirm Lowry's sentence under count two of the indictment.  We affirm Lowry's convictions for the reasons stated in our opinion of November 22, 2004.  Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On

---

[1]Count two (possession of a firearm in the furtherance of drug trafficking) required a mandatory minimum consecutive sentence of five years.  See 18 U.S.C. § 924(c)(1)(A)(i) (2000).  Accordingly, the sentence on count two was not affected by the district court's application of the sentencing guidelines.

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Lowry's sentencing.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART