**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4423**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ROBERT EARL LOWRY,

Defendant - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (2:02-cr-00013-BO)

———————————

Submitted:  November 30, 2006        Decided:  January 25, 2007

———————————

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellant.  Kelly L. Greene, STUBBS & PERDUE, P.A., New Bern, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The government appeals the sentence imposed on Robert Earl Lowry after we remanded his case for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). We agree that the district court misconstrued our opinion and erred by failing to make factual findings concerning the drug quantity to be attributed to Lowry in calculating the advisory guideline range. We therefore vacate the sentence and remand for resentencing.

Lowry sold crack to a confidential informant twice in early 2001. The total amount sold was 5.4 grams. About the same time, Lowry made an unprotected admission to a law enforcement officer that he sold $12,000 worth of crack (120 grams) for supplier Gabriel Stitt. In 2002, Lowry was charged with two counts of crack distribution (Counts One and Three), one count of possessing a firearm in furtherance of a drug trafficking crime (Count Two), and one count of being a felon in possession of a firearm (Count Four). Lowry pled guilty to the felon-in-possession count, went to trial on the remaining counts, and was convicted. The indictment did not charge a specific quantity of crack, and the jury did not make a finding as to the amount of crack involved.

At sentencing, Lowry was held responsible for 125.4 grams of crack, which gave him a base offense level of 32. He was in criminal history category II. The guideline range for the drug offenses was 135-168 months. The range for the felon-in-possession

count was 120 months, the statutory maximum. Lowry was sentenced to a term of 168 months on Counts One and Three, a concurrent term of 120 months on Count Four, and a consecutive term of sixty months on Count Two. We affirmed the conviction and sentence. United States v. Lowry, 116 F. App'x 446 (4th Cir. Nov. 22, 2004) (No. 03-4856).

The Supreme Court later vacated our judgment and remanded for reconsideration in light of Booker. After reconsidering the case in light of Booker and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), we vacated the sentence on Counts One, Three, and Four, and remanded for resentencing, finding that the sentence was plainly erroneous because it exceeded the maximum guideline range that could have applied based on the jury's verdict that Lowry distributed an indeterminate quantity of crack. Our opinion discussed the nature of the Sixth Amendment error at some length, as well as a possible alternative grouping of the pertinent counts, before deciding that the error affected Lowry's substantial rights. The opinion concluded by remanding Lowry's case for resentencing and, citing Booker and Hughes, directed the district court to "first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. . . . [Next] consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and

then impose a sentence." United States v. Lowry, 164 F. App'x 314, 316 (4th Cir. Jan. 6, 2006) (No. 03-4856).

On remand, the district court was persuaded that our opinion mandated the use of an offense level that was based on an indeterminate quantity of crack. This view, put forward by defense counsel, misconstrued the opinion. In imposing a sentence after Booker, courts still must calculate the applicable advisory guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). Hughes, 401 F.3d at 546; United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). On remand, applying the guidelines as advisory, the district court was required to determine the guideline range by making whatever factual findings were necessary, and was not restricted by the fact that the jury had not been asked to determine the specific quantity of crack for which Lowry was responsible for sentencing purposes. The court's failure to do so, based on its misinterpretation of this court's opinion remanding the case, renders the sentence unreasonable.

We therefore vacate the sentence imposed by the district court and remand for resentencing. In resentencing Lowry, the district court should determine the quantity of crack for which

Lowry is responsible by a preponderance of the evidence[*] and then calculate the appropriate advisory guideline range.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]<u>See</u> <u>United States v. Revels</u>, 455 F.3d 448, 451 n.2 (4th Cir.) (standard of review), <u>cert. denied</u>, 127 S. Ct. 299 (2006); <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (same), <u>cert. denied</u>, 127 S. Ct. 121 (2006).