# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-3392

—————

United States of America,         *
                                      *

          Appellee,         *

                                      *   Appeal from the United States

    v.                              *   District Court for the Western

                                      *   District of Missouri.

Jeffrey Allen Devono,       *

                                      *   [PUBLISHED]

          Appellant.      *

—————

Submitted: June 20, 2005
Filed: July 8, 2005

—————

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

—————

PER CURIAM.

Jeffrey Allen Devono appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Devono pleaded guilty to receiving child pornography and possession of child pornography. *See* 18 U.S.C. § 2252(a)(2), (a)(4). The district court[1] applied a two-level enhancement for simple distribution, for a sentencing range of 33 to 41 months. *See* U.S.S.G. § 2G2.2(b)(2)(E) (2002). Devono objected based on *Blakely v.*

—————

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

*Washington*, 124 S. Ct. 2531 (2004), arguing for a range of 27 to 33 months. The court imposed a 40-month sentence. In his brief to this court, Devono argues the sentencing enhancement violates the Sixth Amendment because the evidence of distribution was not proved to a jury beyond a reasonable doubt. While this appeal was pending, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005).

This court first addresses the distribution enhancement. Under *Booker*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. A fact in the presentence report not specifically objected to is admitted for purposes of *Booker*. *United States v. McCully*, 407 F.3d 931, 933 (8th Cir. 2005).

Devono did not object to the presentence-report statement that he "admitted transmitting both adult and child pornography to other users through his chat room encounters." At sentencing, defense counsel states, "We didn't object to the factual basis in the Presentence Report because frankly we believed that the facts are true that are set forth in there." Later, counsel says, "I submit there was some [child pornography] and he distributed and he has admitted that . . . ." The district court notes that Devono "clearly acknowledges distribution." Counsel replies, "Judge, I think that clearly there is distribution, but that is part of the crime." Because Devono admits the facts supporting the enhancement, there is no Sixth Amendment violation. *See id.*

Under *Booker*, district courts are not bound by the guidelines, but must consult and consider them when sentencing. *Booker*, 125 S. Ct. at 756-57, 767. Sentences imposed by a district court applying the guidelines as mandatory contain *Booker* error. *United States v. Pirani*, 406 F.3d 543, 550, 553 (8th Cir. 2005) (en banc). In

this case, however, the district court presciently did not believe the guidelines to be mandatory. Predicting *Booker*, the judge states at sentencing:

> . . . we have a Blakely issue in that it has been my ruling that the Guidelines cannot be applied as mandatory, but should be applied as advisory and, therefore, I am free to go somewhat beyond the sentencing range that is recommended, either up or down.

In sum, the district court determined the correct guidelines range, and consulted the advisory guidelines. It then imposed a reasonable sentence within the range. *See United States v. Marcussen*, 403 F.3d 982, 985 & n.4 (8th Cir. 2005). There is no *Booker* error.

This court affirms the sentence of Jeffrey Allen Devono.

_____