# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-3720/04-3939

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Serafin Montalvo Davila, | * | |
| | * | |
| Appellee/Cross-Appellant. | * | |

_____

Submitted: June 21, 2005
Filed: August 16, 2005

_____

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Serafin Montalvo Davila (Davila) pled guilty to possession with intent to distribute more than 500 grams of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. The district court declared the United States Sentencing Guidelines (Guidelines) unconstitutional, and, finding Davila had absconded while on pretrial release, the district court sentenced Davila to 156 months' imprisonment. Both the government and Davila appeal the sentence imposed by the district court. Because the district court failed to consider the Guidelines when sentencing Davila, we reverse the district court, vacate

Davila's sentence, and remand for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005).

## I.    BACKGROUND

On February 6, 2001, a grand jury in the Northern District of Iowa returned a one-count indictment charging Davila with possession with intent to distribute more than 500 grams of methamphetamine.  The district court released Davila on an unsecured bond with pretrial supervision, but Davila absconded from the jurisdiction to avoid prosecution.  The district court issued a warrant for Davila's arrest and revoked Davila's pretrial release because he was a fugitive.  On September 19, 2003, Davila was arrested in Arizona and, on October 14, 2003, returned to Iowa.  On January 29, 2004, Davila pled guilty to the one-count indictment.  The United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Davila's sentencing range under the Guidelines to be 292 to 365 months' imprisonment.  The sentencing range was based on a criminal history category of I and a total offense level of 40, which included a two-level enhancement for obstruction of justice arising out of Davila's fugitive status from August 2001 to September 2003.  The statutory sentencing range for Davila's conviction is 10 years' to life imprisonment.

After Davila pled guilty, the Supreme Court decided Blakely v. Washington, 542 U.S. 296, __, 124 S. Ct. 2531, 2536-38 (2004), which held Washington's sentencing system violated the Sixth Amendment because it allowed a court to enhance a defendant's sentence based on its findings rather than a jury's findings. Armed with Blakely, Davila objected to the PSR's recommended obstruction of justice enhancement, arguing the Guidelines are unconstitutional and the enhancement "cannot constitutionally be determined solely by the Judge."  However, Davila did not object to paragraph six of the PSR, which explained the events leading to Davila's fugitive status:

On August 14, 2001, the defendant absconded and a Non-Compliance Memorandum was filed. It was determined the defendant and his family moved [to Arizona] approximately one week prior to the non-compliance memorandum being filed. On August 16, 2001, a petition for revocation of pretrial release was filed by the U.S. Attorney's Office and a warrant was issued by [a federal magistrate judge] on the same day.

At Davila's sentencing hearing on October 1, 2004, the district court held the Guidelines unconstitutional based on Blakely. Even though the district court held the Guidelines unconstitutional, the government asked the court "to use the guidelines as a reference and a guide." The district court answered, "I'm not actually going to make any guidelines calculations whatsoever." Freed from the constraint of the Guidelines, the district court expressed its desire to sentence Davila to the statutory minimum, i.e., 120 months' imprisonment. However, the court considered enhancing Davila's sentence for absconding from the jurisdiction while on pretrial release: "It seems to me that I can consider paragraph 6 in the [PSR] in determining what an appropriate sentence would be in this case because while the enhancement was objected to, paragraph 6 wasn't objected to." Davila's attorney responded, "[W]e didn't object to paragraph 6 because I don't know rationally how we could have, [but] I don't think [Davila] pled guilty to it at the time of sentencing." The district court replied, "But I think [I can sentence Davila based on the facts] he's admitted to, and this would be deemed an admission because it was in the [PSR] and wasn't objected to." Taking judicial notice of "paragraph 6 [of the PSR] and the underlying court documents" detailing Davila's abscondence, the district court sentenced Davila to 156 months' imprisonment.

The government appeals, contending the district court erroneously ignored the Guidelines when sentencing Davila, resulting in an unreasonable sentence. Davila cross-appeals, contending the 36-month enhancement over the statutory 120-month

minimum violated the Sixth Amendment, because the facts supporting the enhancement were not "made by a jury nor admitted by" him.

## II. DISCUSSION

After the government filed its initial brief arguing the district court erroneously held the Guidelines unconstitutional, the Supreme Court extended <u>Blakely</u>'s Sixth Amendment holding to the Guidelines. <u>Booker</u>, 125 S. Ct. at 755. In doing so, the Court reaffirmed the core teaching of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S. Ct. at 756. However, the Court remedied the Sixth Amendment violation by excising two provisions of the Sentencing Reform Act of 1984, which spawned an advisory Guidelines system in which a sentencing court must "consider Guidelines ranges," but also "permits the court to tailor the sentence in light of [the] statutory concerns" embodied in 18 U.S.C. § 3553(a). <u>Id.</u> at 756-57. Under the advisory Guidelines system, courts of appeal review sentences for unreasonableness. <u>Id.</u> at 765.

The government has since filed a reply brief, arguing Davila's sentence is unreasonable and urging we remand so the district court can consider the Guidelines as required under <u>Booker</u>. Davila argues his sentence is reasonable, but contends the district court violated <u>Booker</u> and <u>Apprendi</u> by making factual findings to enhance the sentence from 120 to 156 months' imprisonment. Davila asks that we remand the case to the district court with instructions to sentence Davila to 120 months' imprisonment. We conclude this case must be remanded for resentencing.

Having the benefit of <u>Booker</u>, we, of course, enjoy a better vantage point than did the district court when sentencing Davila. Applying <u>Booker</u> to Davila's sentence, it is clear the district court erroneously rejected the government's request at

sentencing "to use the guidelines as a reference and a guide," because the advisory Guidelines system explained in Booker requires sentencing courts to consider the Guidelines. Booker, 125 S. Ct. at 757, 767. Notwithstanding the district court's error in refusing to consider the Guidelines, the harmless error rule embodied in Federal Rule of Criminal Procedure 52(a) applies and states "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Thus, we will reverse the district court and vacate Davila's sentence unless Davila can establish the district court's error did not affect substantial rights. United States v. Barnett, 410 F.3d 1048, 1052 (8th Cir. 2005) (explaining, in harmless error review, the defendant bears the burden to prove the error did not affect substantial rights, because the defendant is the beneficiary of the error). "Because the [district court's] error is not of constitutional magnitude, [Davila] must only establish that no 'grave doubt' exists as to whether the district court's failure to at least consider the Guidelines influenced his ultimate sentence[]." Id.

Davila cannot establish the district court's error was harmless. The PSR set Davila's total offense level at 40 and his criminal history category at I. Given these calculations, the Guidelines advised a range of 292 to 365 months' imprisonment. Davila's sentence was nowhere near this range, and the district court did not provide a reasoned analysis for sentencing Davila to 156 months' imprisonment. The district court expressed its desire to sentence Davila to 120 months' imprisonment, the statutory minimum. Without fully understanding the reasons behind the district court's discretionary sentence calculated by completely disregarding the Guidelines and without discussing the section 3553(a) factors, we are left with grave doubt as to whether the district court would have sentenced Davila to 156 months' imprisonment had the court understood its obligation to consider the Guidelines in sentencing Davila. Thus, we must remand this case to the district court to resentence Davila by following Booker.

Because we are reversing the district court and remanding for resentencing, Davila's cross-appeal could be considered moot. However, Davila failed to object to the factual allegations contained in the PSR, which is deemed an admission for sentencing purposes. United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005) (holding "a fact in the PSR not specifically objected to is admitted for purposes of Booker"); Fed. R. Crim. P. 32(i)(3)(A) (stating a sentencing court "may accept any undisputed portion of the [PSR] as a finding of fact"). Thus, the district court did not violate the Sixth Amendment by enhancing Davila's sentence because Davila is deemed to have admitted the facts contained in the PSR that support an obstruction of justice enhancement for absconding from the jurisdiction during pretrial release. See, e.g., United States v. Devono, 413 F.3d 804, 805 (8th Cir. 2005) (per curiam) (holding no Sixth Amendment violation occurred because the defendant admitted the facts supporting a sentencing enhancement by failing to object to the PSR); McCully, 407 F.3d at 933 (holding defendant's "Sixth Amendment rights were not violated because she admitted the facts supporting the enhancements by failing to object to the PSR").

## III.   CONCLUSION

For the foregoing reasons, we reverse, vacate Davila's sentence, and remand for resentencing.

_____