**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Junior REVELS, Defendant–
Appellant.**

No. 05–4142.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 3, 2006.

Decided May 1, 2006.

**ARGUED:** Stephen Clayton Gordon, Assistant Federal Public Defender, Office of the Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Office of the United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before WILKINSON, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by published opinion. Judge WILKINSON wrote the opinion, in which Judge MICHAEL joined. Judge LUTTIG wrote an opinion concurring in the judgment.

## OPINION

WILKINSON, Circuit Judge.

Joseph Revels brings this challenge under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to the district court's application of a four-level sentencing enhancement and its imposition of a 120-month sentence under the then-mandatory Sentencing Guidelines. We hold that the district court committed Sixth Amendment error because the facts underlying the four-level enhancement were neither admitted by the defendant nor proved to a jury beyond a reasonable doubt. But we also hold that because the district court issued an alternative identical sentence treating the Guidelines as advisory only, any error was rendered harmless. We therefore affirm the judgment of the district court.

### I.

On December 20, 2002, defendant Joseph Revels and an accomplice robbed a convenience store in Rowland, North Carolina. Revels concealed his face with a slotted mask, brandished a .25 caliber handgun, and fled with $800 in cash. He later turned himself in to authorities, provided a recorded confession, and identified his accomplice.

Revels was charged with possession of a firearm by a convicted felon, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and pleaded guilty. At his plea hearing on September 20, 2004, the district court informed him that his sentence would be calculated after completion of a presentence report (PSR). It further instructed Revels to review the PSR, and reminded him about the proper procedures for raising objections to the facts contained therein.

The PSR recommended a base offense level of 24, *see U.S. Sentencing Guidelines Manual* § 2K2.1(a)(2) (2003), and a four-level enhancement for use or possession of a firearm in connection with another felony offense, namely, the convenience store robbery, *see id.* § 2K2.1(b)(5). The PSR also recommended a three-level reduction for acceptance of responsibility. *See id.* § 3E1.1(b). The final offense level was therefore 25. Combined with a proposed criminal history category of V, the specified Sentencing Guidelines range was 100 to 120 months imprisonment, as capped by the statutory maximum in 18 U.S.C. § 924(a)(2). As relevant here, defendant filed a written objection to the four-level enhancement, contending that the facts forming the basis for the enhancement "were neither admitted to during a plea or presented to a jury," in contravention of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

At his sentencing hearing on January 4, 2005, Revels testified that he had read the PSR and discussed it with his lawyer. He

renewed his *Blakely* objection, which the district court overruled. The district court thereafter asked defendant if he had "any objections to anything contained or omitted from the report," and defendant responded "No, sir." Adopting the findings in the PSR as credible and reliable, the district court sentenced defendant to 120 months in prison and three years of supervised release. Pursuant to our decision in *United States v. Hammoud*, 381 F.3d 316, 353–54 (4th Cir.2004) (en banc), the district court also prescribed an alternative identical sentence under 18 U.S.C.A. § 3553(a) (West 2005), treating the Guidelines as advisory only. In *Hammoud*, 381 F.3d at 353–54, we advised lower courts to announce an alternative sentence under § 3553(a) in the event that—as actually came to pass—the Supreme Court applied its holding in *Blakely* to the federal Sentencing Guidelines, *see United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 746, 160 L.Ed.2d 621 (2005).

## II.

■ Revels contends on appeal that the district court's four-level enhancement for his use or possession of a firearm in connection with the robbery is unconstitutional under *Booker*. According to defendant, his maximum Guidelines sentence absent the enhancement would be 115 months, and the district court improperly augmented his sentence by five months on the basis of facts not presented to a jury or admitted by him, in violation of the Sixth Amendment. The government responds that Revels admitted the facts underlying the four-level enhancement. Circuit precedent forecloses the government's argument, and we thus agree with defendant on this issue.

■ In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. Admissions may take a variety of forms, including guilty pleas and stipulations, *see Blakely*, 542 U.S. at 304, 310, 124 S.Ct. 2531, a defendant's own statements in open court, *see, e.g., United States v. Henry*, 417 F.3d 493, 495 (5th Cir.2005) (per curiam), and representations by counsel, *see, e.g., United States v. Devono*, 413 F.3d 804, 805 (8th Cir.2005) (per curiam); *United States v. Bartram*, 407 F.3d 307, 310–11 (4th Cir.2005) (opinion of Widener, J.); *id.* at 315 (Niemeyer, J., concurring in part and concurring in the judgment). However a defendant admits to facts, they may serve once admitted as the basis for an increased sentence without being proved to a jury beyond a reasonable doubt. *See Booker*, 125 S.Ct. at 756.

In assessing whether a defendant has made an admission for *Booker* purposes, verbalizations necessarily fall along a spectrum. On one end of the spectrum are statements such as "I admit," or the functional equivalent thereof. These are clearly admissions under *Booker*. *See, e.g., United States v. Morrisette*, 429 F.3d 318, 323 (1st Cir.2005) (defendant admitted facts where, inter alia, he and his counsel "both conceded the accuracy of the prosecution's recitation of the facts relevant to the offense"); *Devono*, 413 F.3d at 805 (defendant admitted facts where, inter alia, defense counsel stated " 'we believe[ ] that the facts [in the PSR] are true' "). On the other end of the spectrum is silence. In *United States v. Milam*, 443 F.3d 382, 385 (4th Cir.2006), we held that a defendant's failure to object to facts in his PSR did not constitute a *Booker* admission. In *Milam*, the defendant "stood silent when the court adopted the finding" that enhanced his

sentence, and we explained that "[t]o presume, infer, or deem a fact admitted because the defendant has remained silent ... is contrary to the Sixth Amendment." *Id.*

Though the case before us falls somewhere in the middle of the spectrum, it is closer to *Milam* than to an affirmative admission, and *Milam* accordingly binds us here. The district court asked defendant whether he had objections to anything contained or omitted from the PSR, and defendant replied "No, sir." While this single statement is more than the silence in *Milam*, it remains the only evidence that defendant admitted brandishing a gun during a robbery. The defendant did, moreover, properly raise a *Blakely* objection to the constitutionality of the judicial factfinding procedure. Taken as a whole, the facts are thus not sufficiently distant from *Milam*, and we must hold that Revels did not admit the facts underlying his four-level sentencing enhancement.[1] The district court accord-

ingly increased Revels's sentence beyond that prescribed in the Guidelines on the basis of facts neither admitted by him nor proved to a jury beyond a reasonable doubt. *See Booker*, 125 S.Ct. at 756. This was Sixth Amendment error. *United States v. Hughes*, 401 F.3d 540, 547–48 (4th Cir.2005).[2]

## III.

▮ There remains the question of whether the Sixth Amendment error was prejudicial to the defendant in light of the district court's announcement of an alternative identical sentence treating the Guidelines as advisory only. *See Hammoud*, 381 F.3d at 353–54. Our inquiry, as *Booker* made clear, is guided by the "ordinary prudential doctrines" of harmless and plain error. *Booker*, 125 S.Ct. at 769; *see also United States v. Rodriguez*, 433 F.3d 411, 415 (4th Cir.2006) (applying harmless error review); *Hughes*, 401 F.3d at 547 (applying plain error review). Because de-

1. In seeking to distinguish this case from *Milam*, our concurring colleague attaches no significance to the defendant's *Blakely* objection, which expressly stated that the facts forming the basis for his four-level enhancement "were neither admitted to during a plea or presented to a jury," an objection that was again raised only moments before his "No, sir" response. The differences between a failure to object through silence and a failure to object with a brief "No, sir," coupled with a *Blakely* objection that the critical facts were not admitted, are not sufficient to distinguish this case from the *Milam* decision. Indeed, holding the defendant to have admitted a fact that his *Blakely* objection would indicate that he did *not* admit is, to say the least, perplexing.

   The district court both here and in *Milam* underscored with each defendant the importance of the PSR. *See Milam*, 443 F.3d at 383. To the extent that it is reasonable to hold the defendant here to his "No, sir," it would have been no less reasonable to hold the defendant in *Milam* to his silence. But of course *Milam* did not so hold.

2. Nothing in our decision today disables district courts from using undisputed (though not affirmatively admitted) facts in calculating an advisory Guidelines range. *See Milam*, at 383. Whereas silence may not suffice to render a fact admitted for *Booker* purposes, it will suffice to render a fact undisputed. As we have noted, when a defendant fails to properly object to the relevant findings in his PSR, the government meets its burden of proving those facts by a preponderance of the evidence, and the district court "is free to adopt the findings of the presentence report without more specific inquiry or explanation." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir.1990); *see United States v. Williams*, 152 F.3d 294, 301 (4th Cir.1998); *United States v. Gilliam*, 987 F.2d 1009, 1013–14 (4th Cir.1993); Fed.R.Crim.P. 32(i)(3)(A) (at sentencing, the district court "may accept any undisputed portion of the presentence report as a finding of fact"). In other words, nothing about this decision or *Milam* affects in any way the district court's calculation of an advisory Guidelines range after the *Booker* decision.

fendant raised a proper objection below, we review for harmless error. *See United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *Rodriguez*, 433 F.3d at 415. Under harmless error review, the government must show that any constitutional error did not actually affect the outcome of the proceedings. *See United States v. Dominguez Benitez*, 542 U.S. 74, 81 & n. 7, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004); *see also Hughes*, 401 F.3d at 548. In the context of Sixth Amendment *Booker* error, the question is thus whether as a result of such error, Revels's sentence "was longer than that to which he would otherwise be subject." *Id.*

We conclude the government has met its burden here. Following our recommendation in *Hammoud*, 381 F.3d at 353–54, the district court indicated that if the Guidelines were non-mandatory, it would have imposed the same 120–month sentence pursuant to the factors in 18 U.S.C.A. § 3553(a). No guesswork on our part is thus required to conclude that any *Booker* error did not "actually affect[ ] the outcome of the proceedings." *Hughes*, 401 F.3d at 548. The 120–month sentence was not "longer than that to which [Revels] would otherwise be subject," because the district court stated that Revels would be otherwise subject to the same sentence. *Id.* The two sentences the district court announced were, moreover, both issued only after the district court considered defendant's various requests for a lower sentence and after it stated that the findings in the presentence report were credible and reliable. The district court had also informed defendant at his plea hearing that it planned to set forth an alternative sentence under *Hammoud.* Revels thus had an opportunity to raise arguments that might have influenced the district court's consideration, unconstrained by the mandatory nature of the Guidelines. *See United States v. Knows His Gun*, 438 F.3d 913, 919–20 (9th Cir.2006).

Because any error was harmless, a remand for resentencing is not necessary. Such a remand would, in any event, be little more than an empty formality, for the sentence the district court would impose on remand is a foregone conclusion. *See United States v. Christopher*, 415 F.3d 590, 594 (6th Cir.2005) ("[W]here the district court makes clear that its sentence would remain the same even without mandatory guidelines, we do not need to read any tea leaves to determine what the district court would do on remand.") (internal quotation marks omitted). It therefore comes as little surprise that virtually every circuit to have addressed the issue has concluded that an alternative identical sentence treating the Guidelines as advisory renders harmless any *Booker* error. *See, e.g., United States v. Hill*, 411 F.3d 425, 426 (3d Cir.2005); *United States v. Saldana*, 427 F.3d 298, 314–15 (5th Cir.2005); *United States v. McBride*, 434 F.3d 470, 473 (6th Cir.2006); *United States v. Bassett*, 406 F.3d 526, 527 (8th Cir.2005) (per curiam); *United States v. Robles*, 408 F.3d 1324, 1326–27 (11th Cir.2005) (per curiam); *United States v. Simpson*, 430 F.3d 1177, 1190–91 (D.C.Cir.2005); *see also United States v. Knows His Gun*, 438 F.3d 913, 917–18 (9th Cir.2006). We join this authority here.

### IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*

LUTTIG, Circuit Judge, concurring in the judgment:

I would hold that Revels admitted the facts set forth in the PSR when, in response to a direct question from the court, he affirmed that he had no objection to any of the facts recited in the PSR. I am unpersuaded by the majority's reasoning that *United States v. Milam* compels a contrary conclusion. It is unclear whether

the majority opinion in *Milam* rested on the defendant's silence or on his failure to object.[1] Today's majority assumes that *Milam* was a case of silence, but concludes that this case is governed by *Milam* because there is no significant difference between silence and an express disclaimer of objection. Accepting the majority's assumption as to *Milam,* I disagree with its conclusion. There is a world of difference between a defendant's complete silence with respect to the PSR, on the one hand, and a defendant's affirmative representation to the court that he has no objection to the facts set forth in the PSR, on the other. I believe that there is no material difference between the latter statement and a defendant's statement that he admits the facts contained in the PSR. Because, in my view, Revels admitted the facts underlying the enhancement of his sentence, I believe that there was no Sixth Amendment error.[2] Accordingly, I concur in the judgment of the court affirming Revels' sentence. I do not reach the question whether, had there been Sixth Amendment error, such error would have been harmless in light of the identical alternative sentence.

---

1. *Compare United States v. Milam,* 443 F.3d 382, 387 (4th Cir.2006) ("To presume, infer, or deem a fact admitted because the defendant has remained silent . . . is contrary to the Sixth Amendment."), *with id.* ("[T]o presume an admission of an element of the crime from the failure to object would violate the well-established protections of the Sixth Amendment against presuming guilt or a finding of fact against the defendant."), *and id.* at 387 (Shedd, J., concurring in part and dissenting in part) (stating that the defendant in *Milam* "affirmatively represented that [he] had no additional objections" to the PSR).

2. The majority notes, as if it supported its position rather than mine, that the district court reinforced with Revels the importance of the PSR. But of course, the fact that the court advised Revels of the importance of the PSR actually cuts in favor of the conclusion that I reach, namely, that Revels admitted the facts contained in the PSR when he stated that he had no objection to the PSR. The majority also claims that I attach no significance to Revels' *Blakely* objection. But of course, the *Blakely* objection—expressing Revels' subjective view that he had not admitted the facts during the plea—has no bearing on the *legal* question whether his subsequent affirmation that he had no objection to the PSR constituted an admission of the facts therein.