**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4982

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY ALEXANDER SANDERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge. (CR-04-338-BO)

Submitted: June 16, 2006          Decided: July 10, 2006

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Alexander Sanders appeals from his convictions for conspiracy to distribute and to possess with intent to distribute crack cocaine and for three counts of distribution of crack cocaine. He also appeals his life sentence. We affirm.

I.

Sanders first challenges the admission of a police officer's testimony that a paid informant had successfully served as an informant and testifying witness on prior occasions. Sanders alleges that such testimony was improper extrinsic evidence offered to bolster the informant's credibility in violation of Fed. R. Evid. 608(b). Because Sanders did not object, this issue is reviewed for plain error. To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If an appellant meets these requirements, this court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005).

The Government appears to agree that admission of the evidence was improper. However, the Government contends that there

was no plain error because (1) the evidence would have been admissible as rebuttal evidence and (2) the evidence against Sanders was overwhelming. We agree.

Rule 608(b) bars the admission of extrinsic evidence to prove "[s]pecific instances of the conduct of a witness, for the purpose of . . . supporting the witness' character for truthfulness." However, Rule 608(b) does not apply when evidence is offered for the purpose of establishing or rebutting a witness's bias. <u>United States v. Sumlin</u>, 271 F.3d 274, 282-83 (D.C. Cir. 2001); <u>see also</u> Fed. R. Evid. 608, Advisory Committee Notes, 2003 Amendments (providing that extrinsic evidence may be offered for impeachment purposes). Here, Sanders cross-examined the informant, eliciting evidence regarding his monetary interest in conducting controlled buys, his hatred of drug dealers, and the fact that he targeted his girlfriend's ex-boyfriend. Thus, the evidence of the informant's prior cooperation would likely have been admissible to rebut the theory that the informant fabricated evidence against Sanders in order to make money and protect his girlfriend. Thus, Sanders' substantial rights were not affected.

In any event, even if the evidence was inadmissible in rebuttal, there was no miscarriage of justice requiring the exercise of our discretion. The evidence against Sanders was overwhelming. Even disregarding the informant's testimony, there was sufficient evidence for the jury to find Sanders guilty on each

count.  Contrary to Sanders' suggestion that there would have been insufficient evidence to convict him of two substantive counts, numerous witnesses testified about one or both of those buys.  In addition, Frank Sessions' testimony regarding Sanders' admissions further corroborated the other evidence at trial.  Thus, even if there was plain error in this case, we decline to exercise our discretion to notice it.

## II.

Sanders next asserts that the district court erred in admitting audiotapes and permitting review of the transcripts when the tape recordings were inaudible.  Because Sanders did not object below, this claim is also reviewed for plain error.  Again, we find that there was no miscarriage of justice in this case justifying the exercise of our discretion.

First, it is not clear that the recordings were inaudible.  Although the district court stated it could not hear the first one, at least some members of the jury could.  The record shows that the second tape was clearer.  Second, Sanders stipulated to the accuracy of the transcripts, so even misplaced reliance on the transcripts by the jury would not have prejudiced him.  Finally, there was ample corroborating evidence regarding the July 2003 controlled buys, which the tape recordings documented.  Thus, it is not likely that suppression of the tape recordings would have

altered the outcome of the trial.  Accordingly, any error did not affect Sanders' substantial rights and did not result in a miscarriage of justice.

                              III.

          Sanders next contends that the district court erred in adopting the findings in the presentence report ("PSR") regarding drug quantity.   However, the defendant bears the burden of establishing that the information relied on by the district court from the PSR is incorrect.  United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).  Because Sanders did not object, the district court was not required to hold a hearing or to make specific findings of fact before adopting the recommendations in the PSR. Id.  In any event, the testimony at trial fully supported the amounts adopted.  Accordingly, this claim is without merit.

                              IV.

          Sanders argues that the district court's finding of drug quantity violated United States v. Booker, 543 U.S. 220 (2005), because it was made by the judge based on a preponderance of the evidence, rather than upon facts admitted by Sanders or found by a jury beyond a reasonable doubt.  Sanders was sentenced after Booker and under the advisory guidelines system.  The district court did not err in making the relevant factual findings by a preponderance

of the evidence.  See United States v. Morris, 429 F.3d 65, 71-72 (4th Cir. 2005).  The court was not obligated post-Booker to determine enhancements by a higher standard.  See Hughes, 401 F.3d at 546 (consistent with Booker, "a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines"); see also United States v. Revels, __ F.3d __, 2006 WL 1134148, *2 n.2 (4th Cir. May 1, 2006) (noting that, when defendant fails to object to PSR, the Government has met its burden of proving the undisputed facts by a preponderance of the evidence, even after Booker).  Thus, there was no error.

V.

Sanders asserts that his attorney was ineffective for failing to object to the bolstering, the admission of the audiotape, the Government's motion in limine to prevent cross-examination on stale convictions, and the drug quantity in the PSR.  An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction petition under 28 U.S.C. § 2255 (2000).  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation."  Id.

Sanders asserts that there was no tactical basis for failing to interpose these objections. However, such a conclusory statement fails to rebut the strong presumption that the actions taken by counsel were sound trial strategy. See Strickland v. Washington, 466 U.S. 668, 690 (1984). Sanders' counsel may have declined to object so as to not call attention to the issue or because the objection would have been fruitless. Thus, the record does not conclusively establish that Sanders' counsel's conduct was unreasonable.

Moreover, as discussed previously, there was a plethora of evidence against Sanders. He was witnessed and tape-recorded conducting two drug deals; he was arrested in the midst of another drug deal; he admitted in prison to selling drugs; and the Sessions brothers (whose testimony Sanders does not challenge) testified that, for over a year and a half, Sanders bought substantial quantities of crack cocaine on a very regular basis. Therefore, even if counsel erred by failing to object in district court, the record does not conclusively show prejudice. Thus, Sanders' claims are not cognizable on direct appeal.

VI.

Accordingly, we affirm Sanders' convictions and sentence. We dispense with oral argument because the facts and legal

- 7 -

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
