# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2332

_____

United States of America,        *
         *
     Appellee,        *
         *
     v.        *
         *
Harry Solomon Hanson,        *
         *
     Appellant.        *

_____

No. 06-3200

_____

Appeals from the United States
District Court for the District of
Minnesota.

United States of America,        *        [UNPUBLISHED]
         *
     Appellee,        *
         *
     v.        *
         *
Roland Gene Roy,        *
         *
     Appellant.        *

_____

Submitted: May 15, 2007
Filed: June 7, 2007

_____

Before BYE and SMITH, Circuit Judges, and NANGLE,[1] District Judge.
_____

PER CURIAM.

Harry Solomon Hanson and Roland Gene Roy, members of the Red Lake Band of Chippewa Indians, were convicted of federal offenses committed on tribal land. Hanson appeals the four-level sentencing enhancement imposed after the district court[2] found he possessed a firearm in connection with another felony offense. Roy appeals the manner in which the district court responded to a jury question concerning constructive possession. We affirm.

In August 2004, a Red Lake officer observed shotgun shells in an open fanny pack on the front seat of Roy's vehicle during a traffic stop. Roy was the only occupant of the vehicle but claimed he had no gun and denied ownership of the shells; officers found no firearm on Roy or in his vehicle. Roy admitted some of the items in the pack were his but surmised friends who had encouraged him to protect himself with a gun had put the seven 12-gauge shells in his pack.

In November 2004, a Red Lake police officer stopped a pick-up truck driven by Roy for suspicion of illegal hunting. Hanson, the subject of an outstanding arrest warrant, was a passenger in the truck. While later admitting he knew of their presence, when asked to hand out two rifles on the seat of the truck, Roy responded, "What rifles?"[3] During the stop, Hanson attacked the officer and ran up the road. The

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[3]Earlier, Roy had handed the officer his muzzle-loading rifle, which had been on the truck's dashboard. That rifle is not a firearm under federal law.

-2-

officer ordered Roy to hand him the rifles. Roy handed him one of the rifles, which the officer placed on the roof of the truck. When ordered to exit the truck, Roy refused and drove away; Hanson jumped into the back of the truck. Hanson and Roy were subsequently arrested.

Hanson was charged with being a felon in possession of a firearm and Roy with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Hanson and the United States entered a plea agreement and Hanson pleaded guilty. In preparation for Hanson's sentencing, the U.S. Probation Office prepared a presentence investigation report (PSR). Unlike his plea agreement, Hanson's PSR included a four-level enhancement for possession of a firearm in connection with another felony offense under U.S. Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(5) (2005), because, according to the PSR, in fleeing the scene, "Hanson jumped into the bed of the truck, grabbed the SKS off the roof, and aimed it at pursuing officers." PSR ¶ 7.

Roy was tried by a jury. Roy's defense was there was no possession because he did not intend to exercise dominion or control over the firearms or ammunition; he argued he did not intend to lay claim to them, to control the use or management of them, or to assert some interest in them. During the jury's deliberations, the jury asked the district court to "clarify the difference" between Jury Instruction No. 19, the instruction for sole or joint and actual or constructive possession, and Jury Instruction No. 21, the instruction which indicated merely being in the presence of a firearm or ammunition was not enough for guilt to attach. Jury Instruction No. 19 stated in part, "A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it." R. at 216. The district court first inserted the defendants' names into the instructions. When the jury remained confused, the district court reminded the jury to consider the instructions as a whole and added in part:

In order to find the defendant guilty of the crime, the government must prove, beyond a reasonable doubt, that in addition to being in the presence of the ammunition or the firearm, Defendant Roland Roy was (1) knowingly and intentionally in the presence of the firearm or ammunition and (2) exercised actual control over the firearm or ammunition or dominion over the vehicle in which the ammunition or firearm was located.

R. at 234. The court further instructed, "You may infer . . . Roy's knowing and intentional presence with a firearm or ammunition and . . . dominion over the vehicle, but you are not required to do so." Id. The district court refused Roy's request to provide additional argument to the jury in light of the supplemental instruction. The jury found Roy guilty of being a felon in possession of a firearm and ammunition.

We review de novo the district court's application of the sentencing guidelines and its factual findings for clear error. United States v. Davidson, 437 F.3d 737, 739-40 (8th Cir. 2006). Hanson argues the evidence does not show he possessed a firearm in connection with another felony offense, a requisite for applying the four-level increase enumerated in U.S.S.G. § 2K2.1(b)(5). We disagree. While Hanson objected to the paragraph in the PSR which recommended the four-level increase, he never objected to the factual findings which supported the increase. A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); see also United States v. Davila, 418 F.3d 906, 910 (8th Cir. 2005) (stating a fact in the presentence report "not specifically objected to is admitted"). The facts in the PSR show Hanson pointed a firearm at officers while fleeing the scene, conduct which is a felony offense under the Guidelines. Thus, Hanson's challenge is without merit.

We review challenges to jury instructions for an abuse of discretion. United States v. Wipf, 397 F.3d 632, 635 (8th Cir. 2005). "A district court has broad discretion to respond to a jury request for supplemental instructions. It must insure that any supplemental instructions given are accurate, clear, neutral and

-4-

non-prejudicial." United States v. Felici, 54 F.3d 504, 507 (8th Cir. 1995). Roy argues the district court abused its discretion by giving an instruction which directed a verdict or created an improper presumption of guilt on the only element at issue—possession. He also contends the court erred in denying his request for additional argument in violation of Federal Rule of Criminal Procedure 30.

We find the supplemental instruction given was an accurate, clear, and neutral statement of this circuit's view of constructive possession. See United States v. Urick, 431 F.3d 300, 303 (8th Cir. 2005) ("Constructive possession is established if a person has ownership, dominion, or actual control over the firearm itself or has dominion over the premises where the firearm is located."). The instruction was non-prejudicial because the jury was not required to infer Roy's knowing and intentional presence with a firearm or ammunition or dominion over the vehicle, and Roy has not explained how he would have presented his case differently had the supplemental instruction been included in the original instructions. Finally, the district court was not required to permit additional argument because the supplemental instruction did not revisit a previously rejected proposed jury instruction or pose a new theory of the case. See United States v. Slaughter, 128 F.3d 623, 629 (8th Cir. 1997) (rejecting a Rule 30 challenge and affirming the denial of additional argument where the district court merely clarified the state of mind element in the original conspiracy instruction in response to a jury question). We find the supplemental instruction at issue "merely amplified" the initial instructions regarding the exercise of dominion which had already been given. United States v. Smith, 44 F.3d 1259, 1271 (4th Cir. 1995).

Accordingly, we affirm.

_____

-5-