**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4420**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LIONEL ROBINSON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judges.  (5:21-cr-00017-FL-1)

---

Submitted:  March 18, 2025                    Decided:  March 25, 2025

---

Before WYNN, HARRIS, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Sandra Barrett, Hendersonville, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lionel Robinson appeals his conviction and sentence following a jury verdict finding him guilty of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 1 and 4); brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 5); and being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count 6). The district court sentenced Robinson to 356 months' imprisonment. On appeal, Robinson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred by denying Robinson a *Franks*[*] hearing and denying his motion to suppress, and by denying his motion in limine seeking to prohibit the Government from admitting evidence of uncharged robberies and attempted robberies. Robinson has filed a pro se supplemental brief contesting the denial of his motion to suppress evidence, asserting that § 922(g)(1) is unconstitutional, and challenging his sentence and the district court's recommendation that he undergo mental health assessment and treatment. For the following reasons, we affirm.

First, Robinson argues that he was entitled to a *Franks* hearing because he alleged that a law enforcement officer made false statements in the affidavit used to obtain a search warrant for his residence and his vehicle. We review de novo a district court's legal determination whether a defendant "provided enough evidence to be entitled to a *Franks* hearing." *United States v. Haas*, 986 F.3d 467, 474 (4th Cir. 2021). We review for clear

---

[*] *Franks v. Delaware*, 438 U.S. 154 (1978).

2

error factual findings related to the district court's denial of a *Franks* hearing. *United States v. Jones*, 942 F.3d 634, 640 (4th Cir. 2019). *Franks* hearings provide criminal defendants "a narrow way to attack the validity of a search-warrant affidavit" in order to protect against the use of "affirmative false statements" in the affidavit. *Haas*, 986 F.3d at 474 (internal quotation marks omitted). To obtain such a hearing, the defendant must "overcome the presumption of validity" afforded the affidavit supporting the search warrant, *id.* (internal quotation marks omitted), and "must make a substantial preliminary showing that (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause" *United States v. Moody*, 931 F.3d 366, 370 (2019) (internal quotation marks omitted). We conclude that Robinson failed to make the required substantial preliminary showing of intentional falsity. *See United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2019); *see also Moody*, 931 F.3d at 370 (holding that in seeking a *Franks* hearing, "the defendant cannot rely on a purely subjective disagreement with how the affidavit characterizes the facts"). Therefore, the district court did not err by denying Robinson's request for a *Franks* hearing and denying his motion to suppress.

Next, Robinson contends that the district court erred by denying his motion in limine and allowing the Government to present evidence of uncharged robberies. We review the district court's denial of a motion in limine for abuse of discretion. *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012). And we review evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is

3

warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." *Id.* (internal quotation marks omitted).

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). We discern no error by the district court in admitting evidence of uncharged robberies to show motive, intent, plan, knowledge, and identity because the uncharged robberies were committed in the same manner as the two charged robberies. *See id.* Most significantly, evidence from two uncharged robberies was relevant to establish Robinson's identity based on evidence of the vehicle identified as used by the robbers and evidence of the distinctive gait of one of the robbers seen on the surveillance videos as compared to Robinson's gait. Further, the limited evidence presented from the uncharged robberies was not unfairly prejudicial under Fed. R. Evid. 403. *See United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (providing for exclusion of evidence under Rule 403 only if "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence") (internal quotation marks omitted).

In his pro se supplemental brief, Robinson argues that § 922(g)(1) is unconstitutional—and his felon-in-possession-of-ammunition conviction is therefore infirm—following *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022) (holding that a firearm regulation is valid under the Second Amendment only if it "is

4

consistent with this Nation's historical tradition of firearm regulation"). We considered and rejected this same argument in *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that "[§] 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least *some* set of circumstances" (internal quotation marks omitted)). *Canada* therefore forecloses Robinson's facial challenge to § 922(g)(1). To the extent that Robinson also asserts that § 922(g)(1) is unconstitutional as applied to him, we recently held, post-*Bruen*, that § 922(g)(1) convictions are not susceptible to as-applied Second Amendment challenges. *United States v. Hunt*, 123 F.4th 697, 702-08 (4th Cir. 2024). We therefore conclude that *Hunt* forecloses Robinson's as-applied challenge.

Robinson also contests the enhancement of his sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He states that, at sentencing, he did not acknowledge that the computations in the presentence report (PSR) were correct, and he contends that, due to the changes in the law and the changes to the crack-to-powder cocaine ratios, the six drug charges for which he was previously convicted would no longer qualify as ACCA predicates.

Pursuant to the ACCA, a defendant convicted under § 922(g) who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum sentence of 15 years' imprisonment and an increased statutory maximum of life imprisonment. 18 U.S.C. § 924(e)(1). As relevant here, serious drug offense is defined as "an offense under

5

the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . for which a maximum term of imprisonment of [10] years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i).

Robinson's six prior convictions were for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). These convictions carried a statutory maximum sentence of imprisonment of ten years or greater. *See* 21 U.S.C. § 841(a)(1)(C). Thus, Robinson's prior convictions qualified as "serious drug offenses." Additionally, the jury specifically found that Robinson committed the felon-in-possession offense after having been convicted of three serious drug offenses that were committed on occasions different from one another. *See Erlinger v. United States*, 602 U.S. 821, 835 (2024) (holding that unanimous jury must determine beyond a reasonable doubt that defendant committed ACCA predicate convictions on separate occasions). This finding was supported by the evidence, which showed that Robinson's six distribution offenses occurred over a five-month period and thus could be found to have been "separated by substantial gaps in time." *See Wooden v. United States*, 595 U.S. 360, 369 (2022). Accordingly, the district court appropriately sentenced Robinson as an armed career criminal.

Robinson also asserts that he did not agree to the computations in the PSR. Although Robinson did not agree to the sentencing calculation, he also did not object. *See United States v. Revels*, 455 F.3d 448, 451 n.2 (4th Cir. 2006) (stating that a defendant's silence "suffice[s] to render a fact undisputed"). Robinson did not object to the district court's determination of his applicable Guidelines range—in fact, counsel agreed with the court's computation. We therefore review Robinson's unpreserved sentencing challenge for plain error, which requires him to "show (1) there was error; (2) the error was plain

6

under current law; and (3) the error affected [his] substantial rights." *United States v. Greene*, 704 F.3d 298, 304 (4th Cir. 2013). Even then, we will notice the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* Having considered the record, we conclude that Robinson has not demonstrated any error in the computation of his advisory Guidelines range.

Lastly, Robinson questions the propriety of the district court's sentencing recommendation that he undergo mental health assessment while in prison when, earlier in the sentencing hearing, the court concluded that Robinson was attempting to fabricate concern regarding his mental health. During the sentencing hearing, Robinson interjected various comments that were unresponsive and unrelated to the proceedings. Based on information in the PSR and confirmation from counsel and the Government, the district court determined that Robinson was competent to proceed with sentencing. We conclude that the district court did not abuse its discretion by continuing with sentencing. *See United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (providing standard). The fact that the court recommended mental health evaluation and treatment does not evidence that Robinson lacked competency to proceed with sentencing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*