**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4590**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL LANDON TURNER,

Defendant - Appellant.

**No. 04-5001**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AUBREY LANDON TURNER,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-919)

Submitted:  August 16, 2006          Decided:  September 6, 2006

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James T. McBratney, Jr., Florence, South Carolina; W. James Hoffmeyer, Florence, South Carolina, for Appellants. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Landon Turner ("Michael") and Aubrey Landon Turner ("Aubrey") appeal the sentences imposed by the district court after each of them pled guilty to possessing firearms after previously being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). Counsel have filed a joint brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the sentences but stating that, in their view, there are no meritorious issues for appeal. Michael and Aubrey were informed of their right to file a pro se supplemental brief, but neither has done so. We affirm.

Counsel suggest that the district court violated Michael's and Aubrey's Sixth Amendment rights by applying a two-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(1)(A) (2003), based upon the number of firearms involved in the offense. We find no error in the application of this enhancement to either Defendant because each of them admitted the factual basis for this enhancement during the plea colloquy and at sentencing. See United States v. Revels, 455 F.3d 448, 450-51 (4th Cir. 2006) (discussing what constitutes an admission under United States v. Booker, 543 U.S. 220 (2005)).

Aubrey also suggests that, because of his poor health, the district court should have granted his motion for downward departure under USSG § 5H1.4 or § 5K2.0. A district court's

decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked jurisdiction to depart. United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)); see United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases adopting rule post-Booker). Here, the district court recognized its authority to depart but found, under the circumstances of Aubrey's case, that departure was not warranted. Thus, this claim is not subject to appellate review. Quinn, 359 F.3d at 682.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Michael's and Aubrey's convictions and sentences. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If either client requests that a petition be filed, but his counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
