**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4069**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER BRYAN GODBOLT,

Defendant - Appellant.

_____

**No. 05-4100**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAINE DEWON GILCHRIST,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, Chief District Judge. (CR-04-58)

_____

Submitted: August 23, 2006       Decided: September 19, 2006

_____

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

James M. Ayers, II, AYERS, HAIDT & TRABUCCO, P.A., New Bern, North Carolina; Michael R. Ramos, RAMOS & LEWIS, Shallotte, North Carolina, for Appellants. Anne M. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Bryan Godbolt and Jermaine Dewon Gilchrist were convicted, pursuant to written plea agreements, of armed bank robbery, in violation of 18 U.S.C. § 2113 (2000) (Count Five), and using, carrying, and possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2000) (Count Six). Godbolt was also separately convicted of another count of armed robbery and aiding and abetting, pursuant to a Criminal Information.[*] Godbolt was sentenced to 120 months' imprisonment on Count Five and the Criminal Information and 84 months' imprisonment on Count Six, to be served consecutively. Gilchrist was sentenced to a total of 200 months' imprisonment--116 months on Count Five, to be served consecutively with 84 months on Count Six.

Godbolt's and Gilchrist's counsel on appeal filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but urging this court to reconsider our decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). Gilchrist filed a pro se supplemental brief alleging claims of ineffective assistance of counsel. Godbolt was notified of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

The parties contend this court should reconsider its decision in Blick because Godbolt and Gilchrist could not have

---

[*]Godbolt waived prosecution by indictment.

understood at the time they waived their rights to appeal that their sentences were unconstitutional under United States v. Booker, 543 U.S. 220 (2005), and hence their appellate waivers were involuntary. We find the argument is moot because the Government has not sought enforcement of the waiver in these appeals. Moreover, because the district court clearly announced that it would impose identical sentences if the guidelines were treated as advisory, any Booker error in these cases was harmless. See United States v. Revels, 455 F.3d 448, 451-52 (4th Cir. 2006) (concluding that a Sixth Amendment error was harmless because the error did not affect the outcome of the proceeding, based on the district court's announcement of an identical alternate sentence after considering the guidelines as advisory only).

In his pro se supplemental brief, Gilchrist argues that his counsel was ineffective. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). An exception exists where the record conclusively shows ineffective assistance. Id. Because the record on its face does

not conclusively demonstrate ineffective assistance of counsel, Gilchrist's claims are not cognizable on appeal.

Accordingly, we affirm Godbolt's and Gilchrist's convictions and sentences.  We also deny Gilchrist's counsel's motion to withdraw as counsel.  This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED