**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4139**

———————————

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

        versus

CHARLES ANDRE MATTISON, a/k/a Dre,

                                  Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (CR-02-1358)

———————————

Submitted:  November 30, 2006       Decided:  January 3, 2007

———————————

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David B. Betts, Columbia, South Carolina, for Appellant. Regan
Alexandra Pendleton, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Andre Mattison appeals his convictions and 420-month sentence for conspiracy to possess with intent to distribute crack cocaine and distribution of crack cocaine. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief and Mattison has not filed a supplemental brief. The Government elected not to file a reply brief. Counsel raises the issue of whether the district court erred in denying Mattison's Fed. R. Crim. P. 29 motion for judgment of acquittal, arguing that there was insufficient evidence to support the convictions. He also raises the issue of whether Mattison's sentence violates the Sixth Amendment or is in error because the Sentencing Guidelines were applied in a mandatory fashion. We affirm.

This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). The

court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  We "may not weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  We have reviewed the record and find that there was sufficient evidence to support the convictions.  We therefore find no error in the district court's denial of Mattison's Rule 29 motion.

Mattison's Anders brief also raises the issues of whether his sentence violates the Sixth Amendment because he received an increased adjusted offense level based on drug quantity and leader or organizer status and whether the district court erred in applying the Sentencing Guidelines as mandatory.  Because Mattison preserved this issue by objecting to the presentence report on Blakely v. Washington, 542 U.S. 246 (2004), grounds, this court reviews for harmless error.  United States v. Rodriguez, 433 F.3d 411, 415 (4th Cir. 2006).  Under the harmless error standard, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness."  United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial

rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)), cert. denied, 126 S. Ct. 668 (2005).

Here, while the district court's application of the Sentencing Guidelines as a mandatory determinant in sentencing was error, the district court clearly announced that it would impose a higher sentence if the guidelines did not apply. See White, 405 F.3d at 216-17, 224. Given the increased alternative discretionary sentence, the Government can show that the error in treating the guidelines as mandatory did not affect Mattison's substantial rights. See id. at 223 (noting that substantial rights inquiry is the same under plain or harmless error and that only difference is who bears burden of proof); see also United States v. Revels, 455 F.3d 448, 452 (4th Cir. 2006) (holding a Sixth Amendment error harmless because the district court announced an identical alternate sentence after considering the guidelines as advisory only and thus the error did not affect the outcome of the proceeding). In addition, even had Mattison's sentencing objections been granted, they would have no effect on his sentence because of his career offender status. Thus, any United States v. Booker, 543 U.S. 220 (2005), error by the district court in imposing Mattison's sentence was harmless. We therefore affirm Mattison's sentence.

We deny Mattison's motion to remand for resentencing and grant the Government's motion to dismiss the motion to remand. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Mattison's convictions and sentence. This court requires that counsel inform Mattison, in writing, of the right to petition the Supreme Court of the United States for further review. If Mattison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mattison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>