**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4313**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE TIAWAN BRITT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-03-184)

---

Submitted: November 22, 2006        Decided: February 13, 2007

---

Before MICHAEL and GREGORY, Circuit Judges, and Gerald Bruce LEE, United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Tiawan Britt was tried and convicted for various drug and firearm offenses. On appeal Britt asserts that the district court abused its discretion by denying his motion to sever counts charging him with being a felon in possession of a firearm. Britt also argues that his convictions are not supported by substantial evidence. Because these arguments lack merit, we affirm his convictions. Britt also asserts that the district court committed plain error in calculating his offense level at sentencing. We agree and accordingly vacate Britt's sentence and remand for resentencing.

## I.

The relevant events began on February 13, 2003, when police conducted the first of two searches of a house located at 1507 McConnell Road in Greensboro, North Carolina. The police went to the house to investigate complaints of drug dealing. A woman who identified herself as Juanita Stacee answered the officers' knock at the door. When the officers asked if they could enter the house, Stacee summoned Britt who then motioned the officers inside and consented to a search of the premises. While no drugs or firearms were found on Britt's person, officers found a .38 caliber revolver, 4.8 grams of crack, baggies of marijuana, and scales in

2

various rooms throughout the house. Britt was arrested as a result of the search.

On April 30, 2003, the Greensboro police returned to the house and executed a search warrant. Although Britt was not present, seven others were. This search turned up marijuana, crack, various kinds of ammunition, and numerous firearms. Britt's fingerprints were found on a number of documents seized from the house, including water and sewer bills, a tax assessment, and the purchase order for the firing pin of a 9mm semi-automatic pistol also found during the search.

In a superceding indictment filed on October 28, 2003, Britt was charged with eight firearm and drug-related counts. All but one of the charges resulted from the searches of the McConnell Road house. Unlike the other charges, Count Five resulted from a search of Britt's car on February 27, 2003, and charged him with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Counts One and Eight charged Britt with two additional § 922(g) violations for possessing the .38 caliber revolver recovered in the February 13 search and possessing the 9mm semi-automatic pistol and accompanying ammunition found on April 30. On November 12, 2003, Britt filed a motion pursuant to Fed. R. Crim. P. 14(a) requesting that all three § 922(g) counts be severed from trial of the remaining five offenses. Britt argued that he would suffer prejudice if the jury learned that he was a convicted

3

felon. At a hearing on December 2, 2003, the district court granted Britt's motion to sever the felon-in-possession charge that arose out of the car search while denying his motion as to the counts that resulted from the McConnell Road searches. The government later dismissed the severed charge.

A jury ultimately found Britt guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)(Count One); possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); maintaining a place for the purposes of manufacturing, distributing, and using controlled substances in violation of 21 U.S.C. §§ 856(a)(1) and (b) (Count Four); and possession of ammunition and a firearm by a felon in violation of 18 U.S.C. § 922(g)(1)(Count Eight).

Britt appeals his convictions and sentence, arguing first that the district court abused its discretion by denying his motion to sever Counts One and Eight. He also contends that there was insufficient evidence for any rational trier of fact to find beyond a reasonable doubt that he possessed the firearms and drugs for which he was convicted. Finally, Britt challenges the district court's calculation of both his offense level and criminal history

category under the then-mandatory Sentencing Guidelines. We review each claim in turn.


                                II.

        Joinder of offenses is permitted under Fed. R. Crim. P. 8(a) when the crimes charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." A defendant appealing the denial of his Rule 14(a) motion for severance must show that the joinder was "so manifestly prejudicial that it outweighed the dominant concern with judicial economy[.]" United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). We review the district court's refusal to sever Counts One and Eight for abuse of discretion. United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976).

        The common factual basis connecting all of the offenses for which Britt was tried was that he maintained control over the McConnell Road house and the activities occurring there. On appeal Britt does not dispute that the felon-in-possession of firearms offenses charged in Counts One and Eight rely on evidence that overlaps almost completely with the evidence introduced as to the rest of the offenses at trial. Instead, Britt simply maintains that considerations of judicial economy do not outweigh the

                                 5

"overwhelming prejudice" that joinder caused by allowing the jury to learn of his prior felony conviction, a fact that would not otherwise have been admissible in the government's case-in-chief. Appellant's Br. at 15.

Britt has failed to show that any possibility of prejudice materialized in his case. Undercutting Britt's conclusory assertion of prejudice is the fact that the jury acquitted him of the drug and firearm offenses charged in Counts Six and Seven. At bottom, Britt's claim of prejudice amounts to speculation that a separate trial for the felon-in-possession counts might have given him a better chance at additional acquittals. This contention is not a sufficient ground for severance. United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984). We therefore conclude that the district court did not abuse its discretion in denying the motion to sever.

III.

Britt next argues that his convictions for the drug and firearm offenses charged in Counts One, Two, Three, and Eight must be reversed because they are not supported by sufficient evidence.[*] Our standard of review requires that the jury's verdict be upheld

_____

[*]Britt does not challenge the sufficiency of the evidence for his conviction on Count Four, the charge for maintaining a place for the manufacture, distribution, and use of controlled substances.

6

if there is substantial evidence in the record to support it. United States v. Wilson, 198 F.3d 467, 470 (4th Cir. 1999). In making this determination, "we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation omitted).

We conclude that there is substantial evidence in the record supporting the jury's determination that Britt possessed the weapons and drugs in question. When police arrived at the McConnell Road house on February 13, 2003, Britt exercised dominion and control over the premises. Moreover, while the search of the house was under way, a police officer observed Britt briefly duck into the same closet from which police retrieved the 4.8 grams of crack and the .38 caliber gun. Finally, when he was arrested, Britt asserted that the only other person in the house, Juanita Stacee, "had nothing to do with it." J.A. 109. Coupled with proof of his prior felony conviction, this evidence is sufficient to support the jury's finding of guilt on Counts One through Three (felon-in-possession of a firearm, possession with intent to distribute crack, and possession of a firearm in relation to a drug trafficking crime). As to the 9mm firearm and ammunition recovered on April 30, 2003, and charged in Count Eight, a reasonable juror could have found possession based on the testimonial and physical

7

evidence concerning Britt's on-going relationship to the premises as well as a receipt bearing Britt's fingerprints which showed that a girlfriend of his had purchased the firing pin for the weapon.

We therefore affirm Britt's convictions.


                              IV.

Britt, who was sentenced in accordance with the then-mandatory Sentencing Guidelines, argues that the sentence he received violates his Sixth Amendment rights. We review for plain error because Britt raised no objection in the sentencing proceedings. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

At the sentencing hearing the district court asked Britt's lawyer if he had "full opportunity to . . . determine whether any objections should be filed [to the presentence report] on [Britt's] behalf." J.A. 289. Britt's lawyer responded, "I did. Originally there were objections, Your Honor; but as Ms. Boggs noted, all of those have been addressed and resolved in the presentence report." Id. The district court then adopted the factual findings made in the presentence report (PSR). As a result, the court increased Britt's offense level pursuant to the Guidelines on the grounds that: (1) the offenses involved five firearms, see § 2K2.1(b)(1)(A); (2) the firearm possessed on February 13, 2003, was stolen, see § 2K2.1(b)(4); and (3) the

8

ammunition and firearm possessed on April 30, 2003, were used or possessed in connection with another felony, see § 2K2.1(b)(5).

Without these enhancements Britt would have had a total offense level of 20 with a sentencing range of 41 to 51 months for Counts One, Two, Four, and Eight and a mandatory five-year sentence on Count Three to run consecutively. With the enhancements Britt's offense level totaled 28 and yielded a sentencing range of 97 to 121 months, followed by the mandatory, consecutive five-year sentence. The district court ultimately imposed concurrent sentences of 103 months on Counts One, Two, Four, and Eight and a consecutive sentence of five years on Count Three. Given the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), Britt's sentence can be upheld only if the facts supporting these enhancements were either found by the jury or admitted by him. 543 U.S. at 244.

It is undisputed that the jury did not find the facts necessary to support each enhancement. In fact, Britt was acquitted of possessing two of the firearms on which the first enhancement is based. As to admission, our recent case law has established that a bare failure to object to the facts contained in the PSR cannot be construed as an admission for Sixth Amendment purposes. See United States v. Milam, 443 F.3d 382, 388 (4th Cir. 2006). The question in this case is whether the statement of Britt's lawyer that all objections had been "resolved" can

9

nevertheless be construed as an admission. We have recognized that in assessing whether a defendant has made an admission for <u>Booker</u> purposes, "verbalizations necessarily fall along a spectrum." <u>United States v. Revels</u>, 455 F.3d 448, 450 (4th Cir. 2006). At one end of the spectrum, and constitutionally insufficient to deem a fact admitted, is silence. <u>Id.</u> At the other end, and clearly constituting an admission, are statements such as "I admit." <u>Id.</u> In <u>Revels</u> we held that the defendant's statement that he had no objections to the contents of the PSR was not an admission for Sixth Amendment purposes. <u>Id.</u> at 451. While the defense counsel's statement here that no objections to the PSR would be raised because they had previously been "resolved" falls closer to the middle of the silence-to-admission spectrum, we conclude that it is still on the silence side of the spectrum. For Sixth Amendment purposes, there is no material difference between a defendant's statement that he has no objections to the PSR, as in <u>Revels</u>, and the statement here that unspecified objections to the PSR have been resolved. Both situations would require a court to draw the inference of admission in order to deem the PSR's enhancement facts to be admitted by the defendant. Because the drawing of such an inference by the court relieves the government of its constitutionally assigned burden of proving beyond a reasonable doubt all facts that mandate an increase in the maximum sentence, <u>see</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 476 (2000), we conclude

that Britt's Sixth Amendment rights were violated.

As a result of the Sixth Amendment error, Britt's sentence of 103 months for Counts One, Two, Four, and Eight more than doubled the high end of the otherwise applicable Guidelines range. Accordingly, we will notice the plain error and vacate Britt's sentence. We remand for the district court to resentence Britt, treating the Guidelines as advisory. <u>Hughes</u>, 401 F.3d at 546-47. This disposition renders as moot the final challenge that Britt has raised to his sentence.

* * *

Britt's convictions are affirmed, and his sentence is vacated. His case is remanded for resentencing.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>