**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 07-4752**

————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ANDRE TIAWAN BRITT,

                              Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:03-cr-00184-JAB)

————————

Submitted:  January 23, 2008      Decided:  February 25, 2008

————————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

————————

Vacated and remanded by unpublished per curiam opinion.

————————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Tiawan Britt was convicted of possession of a firearm in commerce after being convicted of a felony (Count One), possession with intent to distribute cocaine base "crack" (Count Two), possession of a firearm during a drug trafficking crime (Count Three), maintaining a place for manufacturing, distributing and using crack and marijuana (Count Four), and possession of a firearm and ammunition in commerce after a felony conviction (Count Eight). In 2004, the court sentenced Britt to 103-month concurrent sentences for Counts One, Two, Four and Eight, and a 60-month sentence for Count Three to be served consecutively to Count One, for a total of 163 months of imprisonment. This court affirmed Britt's convictions but remanded for resentencing in light of Booker. See United States v. Britt, No. 04-4313 (4th Cir. Feb. 13, 2007) (unpublished).

On remand, Britt specifically noted the then-pending amendments to the Sentencing Guidelines, which would lower the punishment for amounts of crack cocaine, and argued that the district court should impose a lower sentence based on the proposed amendments. He also noted the sentencing disparity between crack and powder cocaine and cited to the Supreme Court's then—pending case raising this issue in Kimbrough v. United States, 128 S. Ct. 558 (2007). The district court denied relief on these arguments, based on Circuit precedent, United States v. Eura, 440 F.3d 625,

- 2 -

632-34 (4th Cir. 2006). Based on the amended presentence report, Britt's advisory sentencing range was calculated as 78-97 months, and the district court sentenced Britt to 78 months of imprisonment for Counts One, Two, Four, and Eight and a 60-month consecutive sentence for Count Three.

Britt timely appeals, alleging that the district court erred by declining to consider, under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), the crack cocaine/powder cocaine sentencing disparity, and the then-pending Sentencing Guidelines amendments intended to partially address that disparity. For the reasons that follow, we vacate and remand for resentencing.[*]

Since Britt's resentencing, our opinion in Eura has been abrogated by Kimbrough. See 128 S. Ct. at 565-66 & n.4. Moreover, the proposed amendments, lowering the punishment for amounts of crack cocaine, are reflected in the 2007 version of the Sentencing Guidelines.

Accordingly, we vacate the sentence and remand for the district court to resentence Britt in light of Kimbrough and consider any other issues the parties may raise.

---

[*]We offer no criticism of the district court, which followed the relevant Circuit precedent in resentencing Britt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>