**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4422

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL LEE JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (3:02-cr-00035-WCB)

Submitted: July 13, 2007          Decided: August 10, 2007

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul Lee Jackson, Appellant Pro Se. Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Lee Jackson appeals from his 220-month sentence imposed after we remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005) and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). He challenges the validity of his guilty plea and argues that the district court on remand erred by failing to consider his second motion to withdraw his plea. He also argues that the district court erred in determining his sentencing range based on an offense involving over fifty grams of crack cocaine, that application of the remedial opinion in Booker amounts to an ex post facto violation, and that a presumption of reasonableness may not be applied to a within-guidelines sentence. We affirm.

To the extent that Jackson seeks to challenge the validity of his guilty plea, these issues are not properly before the court in this appeal. We previously upheld Jackson's guilty plea, and this case was remanded to the district court for resentencing only. Any attempts to relitigate the validity of the conviction are beyond the scope of the remand order. See United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993). Thus, we decline to consider Jackson's claims that the substance was not crack cocaine, the indictment was obtained by the falsification of laboratory reports, that his plea was invalid because the district court misinformed him about the possible penalties he faced, and that

- 2 -

there was no factual basis to support his plea as to count 9 of the indictment.

Jackson also contends that the district court erred by failing to consider his second motion to withdraw his plea. The district court denied this motion, noting that the court's prior ruling on the motion was final and was upheld on appeal. Jackson contends that his new motion is based on additional factual support, and he asserts that, although he pled guilty to an offense alleging that he conspired to possess and distribute fifty grams or more of cocaine base, he was not admitting to his involvement with that amount. However, when he pled guilty, Jackson did not contest the drug quantity, but asserted that he merely wanted to challenge relevant conduct beyond the charges in the indictment. We have held that a defendant may admit facts through "guilty pleas and stipulations, a defendant's own statements in open court, and representations by counsel." United States v. Revels, 455 F.3d 448, 450 (4th Cir.) (citations omitted), cert. denied, 127 S. Ct. 299 (2006). Here, Jackson pled guilty to the charge alleging his involvement in a conspiracy to possess and distribute more than fifty grams of crack cocaine. In his prior appeal, we upheld the district court's denial of Jackson's motion to withdraw the plea in which he asserted that the substance was not crack cocaine. We find that the district court did not abuse its discretion in denying Jackson's second motion to withdraw the plea. See United

- 3 -

States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (providing standard for motion to withdraw plea).

Regarding his sentence, Jackson contends that he should not have been held responsible for fifty grams or more of cocaine base and that the plea did not constitute an admission that the substance was crack cocaine. As stated earlier, a defendant may admit facts through "guilty pleas and stipulations, a defendant's own statements in open court, and representations by counsel." Revels, 455 F.3d at 450 (citations omitted). In whatever manner a defendant admits to facts, "they may serve once admitted as the basis for an increased sentence without being proved to a jury beyond a reasonable doubt." Id. Here, Jackson pled guilty to, and thus admitted, the charge alleging his involvement in a conspiracy to possess with intent to distribute and to distribute more than fifty grams of crack cocaine. This admission by his plea is sufficient to establish that Jackson was accountable for at least fifty grams of crack cocaine.

Jackson next argues that the district court violated the Ex Post Facto Clause when it increased his sentence on the basis of facts not charged in the indictment or proven to a jury beyond a reasonable doubt pursuant to the remedial holding in United States v. Booker, 543 U.S. at 244-71. We have previously rejected this challenge. See United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006) (holding that retroactive application of

remedial holding of <u>Booker</u> did not violate Ex Post Facto Clause because the defendant was on notice of statutory penalty when he committed the crime); <u>United States v. Williams</u>, 444 F.3d 250, 254 (4th Cir. 2006), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 10, 2006) (No. 06-5152).  Because Jackson was on notice when he committed his crimes that the maximum statutory penalty was life imprisonment, Jackson may obtain no relief on this claim.

Jackson's final argument—that application of a presumption of reasonableness to a within-guidelines sentence is contrary to <u>Booker</u>—is foreclosed by the Supreme Court's recent decision in <u>Rita v. United States</u>, 551 U.S. ___, 2007 WL 1772146, at **6-14 (U.S. June 21, 2007) (No. 06-5754), in which the Court upheld the application of a rebuttable presumption of reasonableness of a within-guidelines sentence.  <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).  Here, the district court was clearly aware of its authority to impose a sentence outside the advisory guideline range, but determined, after considering all the relevant factors, that the sentencing range was reasonable and appropriate.

Accordingly, we affirm Jackson's sentence.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED