**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5062**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES RANDAL COPE, a/k/a rc5_20012000,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:07-cr-00003-LHT-1)

Submitted:  July 24, 2008          Decided:  September 3, 2008

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Matthew R. Segal, Raquel K. Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Randal Cope appeals his 180-month sentence after pleading guilty to one count of using interstate commerce to coerce and entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) (2000) and two counts of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2000). On appeal, Cope contends that the district court violated the Sixth Amendment by relying on judge-found facts that increased the maximum guidelines sentence. We affirm.

We review Cope's sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). In assessing the district court's guideline application, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. We presume a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

At his guilty plea hearing, Cope acknowledged that he faced a mandatory minimum sentence of ten years up to a maximum of life in prison as a result of his plea. The probation officer determined that Cope's advisory guideline range was 168 to 210 months in prison. Cope objected to the calculation of his advisory guideline range based on facts neither found by a jury beyond a reasonable doubt nor admitted by him at his guilty plea hearing, and to any enhancement beyond the base offense level. While he did not dispute any fact contained in the presentence report, he also did not stipulate to any facts beyond those establishing a factual basis for his guilty plea, contending his Sixth Amendment rights would be violated by the district court's fact-finding by a preponderance of the evidence.

Based on Cope's stipulation that the Government's witness would testify to all the facts contained in the presentence report, the district court overruled his objection and adopted the report without change. Although the probation officer suggested that an upward departure may be warranted under U.S. Sentencing Guidelines Manual § 2G2.2 comment. (n.6) (2006) based on Cope's sexual abuse of his stepdaughter, and the Government argued that a sentence at the high end of the guideline range was appropriate based on the factors under 18 U.S.C. § 3553(a) (2000), the district court sentenced Cope to 180 months in prison. On appeal, he contends his sentence violates the Sixth Amendment because it "would have been

unreasonable" absent the facts found by the district court by a preponderance of the evidence.  However, Cope does not contend that his sentence is based on clearly erroneous facts, that the district court erred in calculating his advisory guideline range based on those facts, or that his sentence is unreasonable based on those facts.  His "one and only claim on appeal is an as-applied Sixth Amendment challenge" based on the district court's use of judge-found facts in calculating his advisory guideline range.

We find no Sixth Amendment error.  After calculating the maximum statutory penalty based on a jury verdict or guilty plea, a sentencing court may make factual findings by a preponderance of the evidence when calculating a defendant's advisory guideline range.  See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008); United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006); United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  Cope's sentence is within both the statutorily prescribed range and a properly calculated guideline range, and Cope has failed to rebut the presumption that his sentence is reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED