**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4449**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MICHAEL A. MARSHALL,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:13-cr-00261-FDW-1)

———————

Submitted: September 30, 2016     Decided: October 13, 2016

———————

Before KING, SHEDD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eric J. Foster, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Marshall was convicted after a jury trial of conspiracy to commit offenses against the United States, including wire fraud, bank fraud, and making false statements to financial institutions, in violation of 18 U.S.C. § 371 (2012) (count 1), bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1344 (2012) (count 2), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). The district court sentenced Marshall to 60 months' imprisonment on count 1 and concurrent terms of 96 months' imprisonment on each of counts 2 and 3. Marshall now appeals. On appeal, he challenges the district court's denial of his Fed. R. Crim. P. 29 motion for judgment of acquittal on the basis of insufficient evidence, the district court's instructions to the jury on count 1, and the district court's calculation of the loss amount under U.S. Sentencing Guidelines Manual § 2B1.1 (2014). We affirm.

We review a challenge to the sufficiency of the evidence de novo and must affirm the jury's verdict if it is supported by substantial evidence, viewed in the light most favorable to the Government. United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted).

2

After review of the record and the parties' briefs, we reject as wholly without merit Marshall's challenges to the sufficiency of the evidence underlying his convictions on all three counts. Marshall's arguments fail to establish reversible error in the district court's conclusion that the evidence adduced at trial was sufficient to support his convictions. See 18 U.S.C. §§ 2, 371, 1014, 1343, 1344, 1956(h), 1957 (2012); United States v. McNeal, 818 F.3d 141, 149 (4th Cir. 2016), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 28, 2016) (No. 16-5017); United States v. Adepoju, 756 F.3d 250, 254-55 (4th Cir. 2014); United States v. Jefferson, 674 F.3d 332, 366 (4th Cir. 2012); United States v. Singh, 518 F.3d 236, 248 (4th Cir. 2008); United States v. Cherry, 330 F.3d 658, 668 (4th Cir. 2003); United States v. Smith, 29 F.3d 914, 916 (4th Cir. 1994).

Turning to the district court's instructions on count 1, we review for plain error Marshall's argument that the court erroneously instructed the jury with respect to the wire-fraud object because he did not object below to the court's instructions on the ground he now advances. See Fed. R. Crim. P. 52(b); Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013).

3

Regarding the wire-fraud object, the district court instructed the jury, among other matters, that:

> A violation of this statute would require proof that, one, <u>someone in the conspiracy</u>, with the intent to defraud, knowingly devised a scheme or artifice to defraud or to obtain money or property by means of material false or fraudulent pretenses, representations or promised [sic] as detailed in the indictment; and two, that in furtherance of the scheme, <u>someone</u> transmitted or caused the transmission of any writing by a means of a wire communication in interstate or foreign commerce.

J.A. 647 (emphases added). Marshall argues that, because the second use in this instruction of "someone" was not followed by the words "in the conspiracy," the jury could have found him guilty when neither he nor any other member of the conspiracy transmitted information by wire. We conclude after review of the record that the court's second use in the instruction of the word "someone" without the modifier "in the conspiracy" was not clear or obvious error under the settled law of the Supreme Court or of this circuit. See <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993); <u>United States v. Carthorne</u>, 726 F.3d 503, 516 (4th Cir. 2013). Further, as Marshall has not suggested that he would have been acquitted or that his trial would have ended in a hung jury had the district court modified its second use of the word "someone" with the phrase "in the conspiracy," he cannot establish that the challenged instruction affected the outcome of the trial. See <u>United States v. Godwin</u>, 272 F.3d

4

659, 680 (4th Cir. 2001); United States v. Nicolaou, 180 F.3d 565, 570 (4th Cir. 1999); United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998). Marshall thus has not carried his burden to demonstrate plain error in the district court's instructions on count 1.

Finally, Marshall challenges the district court's calculation of the loss amount attributable to him under the Sentencing Guidelines, arguing that the court erroneously failed to credit against that amount payments made to the victims and capital recovered by them prior to sentencing. Marshall did not present this argument below, and we therefore review it for plain error only. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

Only a preponderance of the evidence need support the district court's factual determination of the loss amount attributable to Marshall. United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). The district court need only make a "reasonable estimate" of the loss. United States v. Cloud, 680 F.3d 396, 409 (4th Cir. 2012); USSG § 2B1.1 cmt. n.3(C). Generally, the loss amount under USSG § 2B1.1 "is the greater of actual loss or intended loss." USSG § 2B1.1 cmt. n.3(A).

Here, the presentence report recommended application of a 14-level enhancement under USSG § 2B1.1(b)(1)(H) for a loss exceeding $400,000 based on the determination in the description

5

of the offense conduct that the loss to the victim lenders as result of Marshall's criminal conduct was over $425,000. The district court adopted the portion of the PSR calculating the loss amount and relied on the information therein in calculating Marshall's Guidelines range and imposing sentence. As Marshall made no affirmative showing that the information in the PSR was not correct, the district court was free to adopt and rely on it in sentencing him. See United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006); United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999); United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998). The undisputed relevant conduct easily establishes a loss amount exceeding $400,000. The district court, therefore, did not plainly err in holding Marshall accountable for a loss amount exceeding $400,000.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED