**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4931

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

YOUNG YI,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:17-cr-00224-LO-1)

Submitted: January 9, 2020                           Decided: January 30, 2020

Before DIAZ and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter L. Goldman, SABOURA, GOLDMAN & COLOMBO, P.C., Alexandria, Virginia, for Appellant. Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Jeremy R. Sanders, Kevin Lowell, Fraud Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Zachary Terwilliger, United States Attorney, Ryan Scott Faulconer, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Young Yi was convicted after a jury trial of conspiracy to commit health care and wire fraud, in violation of 18 U.S.C. § 1349 (2018) (count 1), six counts of health care fraud, in violation of 18 U.S.C. §§ 2, 1347 (2018) (counts 2 through 7), conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2018) (count 8), and filing a false tax return, in violation of 26 U.S.C. § 7206(1) (2018) (count 9). The district court sentenced Yi to concurrent terms of 84 months' imprisonment on each of counts 1 through 7 and concurrent terms of 36 months' imprisonment on counts 8 and 9 and ordered restitution in the amount of $10,696,447.86. On appeal, Yi challenges the district court's denial of her Fed. R. Crim. P. 33(a) motion for a new trial, arguing that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by producing voluminous documents to the defense but not identifying one as "*Brady* material." She also challenges the district court's restitution judgment, arguing that the evidence is insufficient to support it. We affirm.

Yi waited until her post-verdict Rule 33(a) motion for a new trial to raise the *Brady* issue she presents on appeal. Accordingly, we review the denial of that motion for plain error only. *See United States v. Harris*, 890 F.3d 480, 490-91 (4th Cir. 2018) (providing standard of review); *United States v. Godwin*, 272 F.3d 659, 672 (4th Cir. 2001).

In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution." *Brady*, 373 U.S. at 87. To establish a *Brady* violation, a criminal defendant

2

"must show (1) that the undisclosed information was favorable, either because it was exculpatory or because it was impeaching; (2) that the information was material; and (3) that the prosecution knew about the evidence and failed to disclose it." *United States v. Parker*, 790 F.3d 550, 558 (4th Cir. 2015). Here, Yi fails to identify any favorable and material information that the Government did not disclose and does not dispute that the Government produced in time for effective use at trial the material within which she speculates exculpatory material likely will be found. We reject as without merit Yi's argument that fulfillment of the Government's obligation under *Brady* requires it to identify exculpatory material, *see United States v. King*, 628 F.3d 693, 702 (4th Cir. 2011), and conclude that Yi did not establish a *Brady* violation, s*ee United States v. Lopez*, 860 F.3d 201, 217 n.6 (4th Cir. 2017); *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010); *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). Thus, we discern no plain error in the district court's denial of Yi's Rule 33(a) motion premised on this alleged due process violation.

With respect to the district court's restitution order, here the presentence report (PSR) established that the losses for restitution purposes sustained by the victims totaled $10,696,447.86. The district court adopted the PSR and relied on the information therein in ordering restitution. As Yi made no affirmative showing that this information in the PSR was not correct, the district court was free to adopt and rely on it in imposing restitution. *See United States v. Revels*, 455 F.3d 448, 451 n.2 (4th Cir. 2006); *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000); *United States v. Randall*, 171 F.3d 195, 210-11 (4th Cir. 1999). Th18-49e undisputed restitution sums in the PSR support the

3

district court's restitution order, and we therefore reject as without merit Yi's claim of insufficient evidence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*