**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4406**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

FRANK GILES MCCREE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:17-cr-00134-FL-1)

———————

Submitted:  December 17, 2024             Decided:  February 6, 2025

———————

Before WILKINSON, GREGORY, and QUATTLEBAUM, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Richard Croutharmel, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2021, a jury convicted Frank Giles McCree of multiple Hobbs Act robbery offenses, in violation of 18 U.S.C. § 1951(a); four brandishing a firearm in furtherance of a crime of violence offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[*] The district court sentenced McCree to 457 months in prison.

Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), explaining that he has reviewed the record and found no meritorious issues for appeal. Counsel nonetheless identifies two issues for the court's consideration, to wit: whether the district court (1) abused its discretion in denying McCree's request for substitute counsel and allowing him to proceed pro se; and (2) erred by enhancing McCree's total offense level for restraining a victim in one of the subject robberies. The Government has declined to file a response brief, and McCree has not filed a pro se supplemental brief despite receiving notice of his right to do so. Finding no error, we affirm.

We conclude that the magistrate judge did not erroneously deny McCree's request for substitute counsel or wrongfully allow McCree to proceed pro se with stand-by counsel. While it is well established that a criminal defendant has a right to counsel of his own choosing, that right is not absolute. *Powell v. Alabama*, 287 U.S. 45, 52 (1932).

---

[*] Two of the counts on which McCree was convicted also charged him with aiding and abetting, in violation of 18 U.S.C. § 2.

Specifically, a defendant's right to choose his own counsel is limited so as not to "deprive courts of the exercise of their inherent power to control the administration of justice." *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988). A defendant's right to receive substitute counsel after the court's initial appointment is similarly limited. Notably, a defendant must show good cause as to why he should receive substitute counsel. *Id.* In general, good cause exists when denying substitute counsel would deny the defendant a constitutionally adequate defense. *See, e.g.*, *United States v. Johnson*, 114 F.3d 435, 443 (4th Cir. 1997) ("A total lack of communication is not required. Rather an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the necessary inquiry.").

A court has discretion in determining whether substitution of counsel is proper, however. *Gallop*, 838 F.2d at 108. In making its decision, the court must consider both the defendant's reason for seeking substitution and the government's interest in proceeding without a continuance. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *United States v. Reevey*, 364 F.3d 151, 157 (4th Cir. 2004). And in reviewing a district court's decision on a motion for substitution, this court looks at three factors: the "[t]imeliness of the motion; [the] adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in a total lack of communication preventing an adequate defense." *Gallop*, 838 F.2d at 108.

Upon review, we conclude that the magistrate judge did not abuse its discretion in denying McCree's June 21, 2021, motion for substitute counsel. *See United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (reiterating that a district court abuses its discretion only

3

when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion, . . . relie[s] on erroneous factual or legal premises," or "commit[s] an error of law" (internal quotation marks omitted)). *Cf. United States v. Mullen*, 32 F.3d 891, 897 (4th Cir. 1994) (holding that district court abused its discretion in denying defendant's motion for new counsel where defendant's "request to replace [retained counsel] with a court-appointed lawyer was timely made," the "court adequately inquired into the reasons why [defendant] was dissatisfied with [counsel]," and 'there was a total breakdown in communication between [defendant] and [counsel], making an adequate defense unlikely had [counsel] handled the trial").

We also conclude that the magistrate judge did not erroneously allow McCree to proceed pro se with stand-by counsel. Admittedly, "[t]he Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel before he can be convicted and punished by a term of imprisonment." *United States v. Ductan*, 800 F.3d 642, 648 (4th Cir. 2015). "The right to counsel is fundamental to our system of justice; beyond protecting individual defendants, it is critical to the ability of the adversarial system to produce just results." *Id.* (internal quotation rights omitted).

However, "the Sixth Amendment also protects a defendant's affirmative right to self-representation," which is a right "inescapably in tension with the right to counsel." *Id.* at 648-49. "This is so because invocation of the former poses a peculiar problem: it requires that the defendant waive his right to counsel." *Id.* at 649 (internal quotation marks omitted). Thus, "before allowing a defendant to represent himself, a district court must find that the defendant's background, appreciation of the charges against him and their

4

potential penalties, and understanding of the advantages and disadvantages of self-representation support the conclusion that his waiver of counsel is knowing and intelligent," as well as "clear and unequivocal." *Id.* at 649-50.

Moreover, if "the trial court has appropriately determined that a substitution of counsel is not warranted, the court can insist that the defendant choose between continuing representation by his existing counsel and appearing pro se." *Gallop*, 838 F.2d at 109. "A refusal without good cause to proceed with able appointed counsel is a 'voluntary' waiver" of the right to counsel. *Id.* We have reviewed the transcript of the June 21 hearing and find no error in the magistrate judge's determination that McCree's waiver of counsel was clear, unequivocal, knowing, intelligent, and voluntary.

Next, we review McCree's sentence for reasonableness, "under a deferential abuse-of-discretion standard." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no "significant procedural error." *United States v. Evans*, 526 F.3d 155, 162 (4th Cir. 2008) (internal quotation marks omitted). Procedural errors include "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will

5

"reverse unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Counsel asserts that the district court erroneously calculated McCree's Guidelines range because the court should not have enhanced McCree's base offense level on one of the Hobbs Act robbery counts, pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (2021), for physically restraining a victim during the robbery. "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, this [c]ourt reviews the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

According to counsel, witness testimony regarding whether McCree possessed a weapon during the subject robbery was insufficient to satisfy the requirements for such an enhancement. However, because McCree's total offense level would have been the same even if the enhancement were not applied, we conclude that any error did not "affect[] the outcome at the district court." *United States v. Covington*, 65 F.4th 726, 731 (4th Cir. 2023); *see also id.* at 730 (recognizing that a sentencing error to which no objection was made is unpreserved and is reviewed "only for plain error").

Thus, we conclude that the district court did not commit plain error when it accepted the unobjected-to Guidelines range calculation in McCree's presentence report. *See id.* at

6

730–31; *see also United States v. Revels*, 455 F.3d 448, 451 n.2 (4th Cir. 2006) ("[W]hen a defendant fails to properly object to the relevant findings in his [presentence report], the government meets its burden of proving those facts by a preponderance of the evidence, and the district court is free to adopt the findings of the presentence report without more specific inquiry or explanation" (internal quotation marks omitted)).

Plenary review of the district court record reveals no procedural sentencing error. Furthermore, we discern no basis on which to question the substantive reasonableness of McCree's within-Guidelines range sentence and, thus, affirm the 457-month sentence. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) ("[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." (internal quotation marks omitted)); *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (reiterating that a defendant can only rebut the presumption afforded a within-Guidelines range sentence "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McCree, in writing, of the right to petition the Supreme Court of the United States for further review. If McCree requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCree. We dispense with oral argument because the facts and

7

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*